## W. W. HALL *v.* MERIDIAN SAVINGS INSTITUTION.

1. JUDGMENT-LIEN. *When discharged by sale under execution. Application of proceeds of sale.*
   Our statute which provides that the purchaser of property sold at an execution sale shall take the same discharged of all judgment-liens, only applies where the judgments are against the same person or persons; and it is only in such cases, and where the sale is under a judgment with a junior lien, that a judgment-creditor having a senior lien is remitted to his claim upon the proceeds of the sale, and that the sheriff is directed to appropriate the proceeds to the oldest enrolled judgment.

2. SAME. *When unaffected by execution sale. Enrollment law construed.*
   Where two judgments against different defendants are liens upon the same property, and it is sold under the judgment with the junior lien, the senior judgment-lien is unimpaired by the sale, and the purchaser takes subject to the maxim *"Caveat emptor."* In such case, the sale is unaffected by our enrollment-of-judgment law.

ERROR to the Circuit Court of Lauderdale County.

Hon. J. S. HAMM, Judge.

The case is stated in the opinion of the court.

*Hardy & Grace,* for the plaintiff in error.

The only manner in which a junior judgment-creditor can get a priority over a senior judgment-creditor, is by giving the notice prescribed in sect. 830 of the Code of 1871. No such notice was given in this case.

The change in the firm-name of the parties made no difference as to the lien. The enrollment of the judgment against Brown, Randall & Co. created a lien against their property, and followed it into the possession of Brown & Griffin. The lien is not against the defendants in judgment, but against

their property.   The levy in favor of the officers of the court also created a prior lien.   *Bolters* v. *Edrington*, 1 Geo. 580. The plaintiff in error is entitled to the proceeds of the sale. Code 1871, sect. 830 ; *Curry* v. *Lampkin & Conner*, 51 Miss. 91.

*J. W. Fewell*, for the defendant in error.

I am unable to see upon what ground the proceeds of a sale of Brown & Griffin's property, under a judgment against Brown & Griffin, are to be applied to the satisfaction of an execution based on a judgment against Brown, Randall & Co., when it is not even pretended that the firms are the same. It seems to me that the claim of the plaintiff in error has no merit in it.

CHALMERS, J., delivered the opinion of the court.

This is an application by the sheriff of Lauderdale County for instructions as to the application of money made under a *fieri facias*.

The facts are these : Two judgments were rendered in the Circuit Court of the county, in 1877, against Brown, Randall & Co.   Upon these judgments executions were issued by the officers of the court, for the unpaid costs due them.   These executions were levied upon an iron safe found in possession of the mercantile firm of Brown & Griffin, who, it is said, were " the successors in business of Brown, Randall & Co."   We suppose that by this it is meant that the one firm had bought out the other.   It does not appear that they were composed, either in whole or in part, of the same individuals.

The executions were returned after levy, without sale, by order of the officers of court, and shortly thereafter were assigned and transferred to appellant, Hall, who took no further steps to enforce them.

Subsequently the same iron safe was levied on under and by virtue of an execution issued upon a judgment recovered by the Meridian Savings Institution against Brown & Griffin, which judgment was junior in date to those in which appel-

lant, Hall, owns an interest to the extent of the officers' costs. A sale having taken place under the junior judgment, Hall insists that he is entitled to the proceeds. He bases his claim upon the ground that the judgments of which he is part owner were liens upon the property sold, older in date and prior in right to that of appellees.

But the judgments are against wholly different parties, so far as this record shows. His judgments are against Brown, Randall & Co.; appellee's is against different persons, to wit, Brown & Griffin. If his judgments constitute the older lien on the property sold, he is not damnified by the sale, but has the right to levy on and sell it again, the purchaser at the former sale having bought subject to his lien. It is only where there are two judgments against the same party that a sale under either passes the title and cuts off the liens, and it is only in such cases that the plaintiffs in the senior judgments are remitted to their claims upon the proceeds of sale. So, also, it is only in such cases that the sheriff has the right to appropriate the proceeds to the eldest enrolled judgment. Code 1871, sects. 830–832.

Where the judgments are against different defendants, they are wholly independent of each other, and the holder of each pursues his own course, regardless of the other. In such cases, the property remains bound in the hands of the purchaser by the older lien, and to such a sale the maxim "*Caveat emptor*" applies. In other words, such sales are not affected by our enrollment-of-judgment law, but stand as all execution sales did before the passage of that act.

Judgment affirmed.